# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **VIRGIL BROWN LEE, AIS # 126435,** | **:** | |
| **Plaintiff,** | **:** | |
| **vs.** | **:** | **CIVIL ACTION 05-0443-WS-C** |
| **DONALD CAMPBELL, et al.,** | **:** | |
| **Defendants.** | **:** | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  Complaint (Doc. 1).**

Plaintiff filed this complaint against defendants Naph Care, Inc. ("Naph Care") and Donald Campbell, Commissioner of the Alabama Department of Corrections.  Plaintiff complains that during September or October, 2003, a needle came apart in his buttocks when he received an injection at the prison hospital and that Officer Culliver and

the nurse laughed.  The nurse then put her finger on the needle so that when she pulled the needle out she could stop the bleeding.  However, while she was pulling it out, she cut her finger.  Thereupon, she left the room.  When she returned, she said that she cut her finger and that plaintiff's and her blood may have mingled.  Plaintiff claims that the nurse never reported this to Officer Culliver, a hospital employee, or Naph Care.

After the incident the nurse took off for four days.  When she returned, she took two vials of plaintiff's blood.  Plaintiff never heard from her or anyone at the hospital or Naph Care about the results.

About this time plaintiff started having very high blood pressure, daily headaches, nose bleeds, flu-like symptoms, breathing problems, joint pain, and heart problems.  He went to the prison hospital about ten times and a free-world hospital three times but was not told the results.  In December, 2003, he was rushed to the prison hospital because his blood pressure was high and his heart was beating fast.  But they were not able to return them to normal levels, so he was transferred to an Atmore hospital where they also were not successful in returning his blood pressure and heart beat to a normal level.  He was then transferred to a Mobile hospital where he was worked on around the clock.  After three days, he was released from the hospital and returned to Holman with no one telling him what was wrong.

In January, 2004, plaintiff was transferred to St. Clair Correctional Facility, where upon his arrival, he was given medical screening tests.  In February, 2004, he was told that he had Hepatitis C.  He believes that the only way he could have contracted it is

2

when his blood mixed with the nurse's blood.

Plaintiff claims that the nurse is negligent, that defendant Naph Care is negligent because it is responsible for the care and treatment of Alabama prison inmates, and defendant Campbell is negligent for not overseeing defendant Naph Care and the nurses and doctors who treat inmates in order to ensure they are receiving the best treatment. Furthermore, plaintiff alleges defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment.  For relief, plaintiff seeks $5 million for negligence, $10 million for pain and suffering, $20 million punitive damages, and whatever else the Court deems necessary.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court  reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

### III. Discussion.

The basis for plaintiff's claim against defendant Naph Care is that it is responsible for the care and treatment of Alabama prison inmates.  In a § 1983 action, the corporate medical provider for prison inmates cannot be held liable for the acts of its employees. *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir.), *cert. denied,* 522 U.S.1018 (1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider); *see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor).  A corporate medical provider can only be held liable if its policy or procedures caused the constitutional deprivation.  *Ort,* 786 F.2d at 1107; *see Monell,* 436 U.S. at 694, 98 S.Ct. at 2037-38.

However, plaintiff has not identified or described a policy or custom of Naph Care. The allegations instead contain references to actions taken by individuals. And there is no policy that can be inferred from the alleged actions or inactions of the unidentified employees. *See Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [plaintiff].").  Consequently, the Court finds that plaintiff has failed to state a claim upon which relief can be granted against defendant Naph Care.

The other defendant, Commissioner Campbell, is alleged not to have overseen defendant Naph Care and the nurses and doctors to ensure that the prisoners receive the best treatment.  Plaintiff is seeking to impose liability against defendant Campbell for failure to supervise.  In a § 1983 action supervisory liability  "must be based on something more than a theory of *respondeat superior.*  Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Dolohite v. Maughon,* 74 F.3d 1027, 1052 (11th Cir.) (quotation omitted), *cert. denied, Dolohite v. King,* 519 U.S. 870 (1996); *see Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1560-61 (11th Cir.), *modified on other grounds,* 14 F.3d 583 (11th Cir. 1994).  Thus, a supervisor in a § 1983 action may not be held liable solely on the basis of an employee's actions. *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1443 (11th Cir. 1985) (equating the liability of a supervisor to that of a municipality); *see*

5

*generally Monell,* 436 U.S. at 691, 98 S.Ct. at 2036 (discussing municipal liability).

In the action at hand, liability against defendant Campbell is based on his alleged failure to oversee nurses, doctors, and defendant Naph Care, which in turn is allegedly responsible for the care and treatment of Alabama's prison inmates.  Plaintiff's theory of liability appears to be based on holding defendant Campbell liable for the actions of others.  Furthermore, there are no allegations showing that defendant Campbell was personally involved or that he had a custom or policy that was involved.  Accordingly, plaintiff has failed to state a claim against defendant Campbell upon which relief can be granted.  *See Kilgo v. Ricks,* 983 F.2d 189, 194 (11th Cir. 1993) (holding the prison commissioner's dismissal was proper because no personal involvement or policy by the department was alleged).

Even though these defendants are due to be dismissed for the foregoing reasons, alternate bases for dismissal exist.  The claims that are connected to defendants Campbell and Naph Care are:

> There is negligence . . . on the part of Naph Care Inc who is and was at that time responsible for the care and treatment of all Alabama prison inmate's.  There is negligence on the part of Donald Campbell the Commissoner of the Department of Correction for not over seeing Naph Care Inc. and nurse's and doctor who treat all the inmate's to make sure the inmates's receiving the best treatment.

(Doc. 1 at 5, attachment)  Plaintiff has pleaded these claims in vague and conclusory terms.  However, vague and conclusory allegations fail to state a claim upon which relief can be granted.  *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

Furthermore, plaintiff has described the inaction on the part of each defendant as negligence.  Negligence, however, does not support liability under § 1983.  *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986) ( "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *see Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 671 (1986) ("As we held in *Daniels,* the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Then, plaintiff alleges a violation of the Eighth Amendment without attributing an action to each defendant that constitutes a deliberate indifference.  *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976) ("In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs.").  For these alternate reasons, plaintiff has failed to state a claim upon which relief can be granted.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, for failure to state a upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 1st day of June, 2007.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for

8

challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE